IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MITCHELL DWAIN RILEY, JR.                                                                                      PLAINTIFF

v.                               Civil No. 5:22-cv-05149

JOHN OR JANE DOE JAIL STAFF;
JOHN OR JANE DOE MEDICAL STAFF; and
SERGEANT DIPLICA                                                                                                  DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, Mitchell D. Riley, Jr. ("Riley"), filed this civil rights action under 42 U.S.C. § 1983. Riley proceeds *pro se* and *in forma pauperis.* The incident at issue in this case occurred while Riley was incarcerated at the Washington County Detention Center ("WCDC").

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 6) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I.     BACKGROUND**

Riley initially filed only a partial Complaint (ECF No. 1). For this reason and because he had named only John and Jane Doe Defendants, Riley was directed (ECF No. 3) to file an Amended Complaint   Riley was advised the Court could not serve John or Jane Doe Defendants. *Id.* Riley was told he should name as Defendants the individuals who were personally involved in violating his federal constitutional rights. *Id.* Riley was given explicit instructions about what the Amended Complaint must contain. *Id.* Among other things, Riley was told "he must

affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim." (ECF No. 3 at 2).

According to the allegations of the Amended Complaint (ECF No. 6),[1] on some unspecified date, a male member of the jail medical staff stopped Riley in the door way to examine his knee. (ECF No. 6 at 4). Riley was asked to raise his paint leg. *Id.* At this point, the jail door closed on Riley causing injury to his left big toe and foot. *Id.* Riley added Sergeant Diplica as a Defendant in the Amended Complaint. *Id.* However, in the statement of facts, Riley does not even mention Sergeant Diplica. *Id.* In Riley's initial Complaint, he indicated the names of the Defendants were not available and Corporal Mulvaney could not find any information or video about the incident. *Id.*

Riley requests an award of compensatory damages "[b]ecause jail staff closed the door with me standing in it. . . . [T]he close button cameras would have showed me standing in it." (ECF No. 6 at 8).

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

---

[1] The Amended Complaint contained a claim that arose during Riley's arrest on November 15, 2020. This claim was severed pursuant to Rule 20(a)(2) of the Federal Rules of Civil Procedure which provides that a party cannot bring claims against multiple defendants in a single lawsuit unless the claims arise out of the same transaction or occurrence. *See also* Fed. R. Civ. P. 21 (court may sever any claims against a party).

*v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Under § 1983, a plaintiff may recover damages from "[e]very person who, under the color of any statute . . . or regulation" causes "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Individual "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). In short, liability under § 1983 "is personal" and the conduct of each individual must be viewed separately. *Frederick v. Motsinger,* 873 F.3d 641, 646 (8th Cir. 2017)(cleaned up).

Riley's Amended Complaint fails to allege any personal involvement on the part of Sergeant Diplica. In fact, as noted above, Sergeant Diplica is not even mentioned in the statement of facts. Riley has failed to allege a plausible claim against Sergeant Diplica.

Next, Riley indicates he is suing the Defendants in their official capacities only. Thus, his claim is against Washington County. A governmental entity can be held liable only when the constitutional violation was caused by a policy, custom, or failure to train or supervise. *Monell v. Dep't. of Soc. Servs.,* 436 U.S. 658, 691 (1978). Riley makes no allegations about the existence of a policy or custom. Therefore, Riley has failed to assert a plausible official capacity claim.

## IV.  CONCLUSION

For these reasons, it is recommended that:

(1)  the case be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(2) Plaintiff be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g) and thus, the **Clerk** is directed to place a § 1915(g) strike flag on the case for future judicial consideration; and

(3) the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this dismissal would not be taken in good faith.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of August 2022.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE